**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAWN WENTWORTH, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CALIFORNIA CONNECTIONS ACADEMY,<br><br>　　　　　　　　　　Defendant.<br><br>AND CONSOLIDATED CASES | Case Nos. 21-cv-01926-BAS-AGS<br>　　　　　　21-cv-01927-BAS-AGS<br>　　　　　　21-cv-01928-BAS-AGS<br>　　　　　　21-cv-01929-BAS-AGS<br>　　　　　　21-cv-01930-BAS-AGS<br>　　　　　　21-cv-01931-BAS-AGS<br>　　　　　　21-cv-01932-BAS-AGS<br><br>**ORDER DISMISSING ACTIONS WITHOUT PREJUDICE** |

**I.　Background**

On April 16, 2021, Ms. Dawn Wentworth, on her own behalf and on behalf of her two children, filed 74 complaints in this federal district court.  Many of these complaints were duplicative, suing the same defendants with the same allegations.  The Court issued an order consolidating most of the cases and later dismissed them. (No. 21-cv-00757-BAS-AGS, Electronic Case Filing ("ECF") No. 5.)

In November 2021, Ms. Wentworth filed more than a dozen additional lawsuits, including the seven matters against different defendants consolidated here. These seven lawsuits appear to involve different events than the cases mentioned above. These actions all include allegations involving a racial slur during an online school gym class. Previously, while consolidating the cases, the Court granted Ms. Wentworth and her son's Motions to Proceed *In Forma Pauperis* ("IFP") but denied the Motions for Appointment of Counsel. (ECF No. 5.) For the reasons explained below, the Court dismisses the case against California Connections Academy because Ms. Wentworth cannot bring this lawsuit on her minor son's behalf without the assistance of an attorney. The Court also dismisses the cases against the individual defendants.

## II.     Allegations

The Complaints list separate defendants on the first page, but the documents contain the same allegations and requests for relief. Defendants are: (1) California Connections Academy; (2) Elaine Pavlich; (3) Jennifer Conley; (4) Heather Tamayo; (5) Dr. Richard Savage; (6) Diana Rivas; and (7) Adam Pulsipher. The Court refers to California Connections Academy as the "School," and the Court will refer to the remaining defendants as the "Individual Defendants."

The Complaints allege that "during [an] online gym class a student was allowed to enter and sing the word 'NIGGER' on two separate occasions during the weeks of 9/13/21 through 9/24/21." (Compl. 2.) Ms. Wentworth's minor son, Y.A.W., presumably attended this class at the School. (*See id.*; *see also* IFP Motion (noting Y.A.W. is thirteen years old).) The Complaints sue the School under Title VI of the Civil Rights Act of 1964 for this incident. And aside from wanting to hold the School liable, the Complaints allege the Individual Defendants are to blame because they either hold positions of responsibility at the School or failed to take corrective action. (*See id.*) Plaintiffs ask for various relief, including $1,000,000 "for each Plaintiff listed," "suspension of all federal as well as state funds," and "termination of staff." (*Id.* 3.)

### III. Screening Standard

A complaint filed by a plaintiff proceeding IFP is subject to screening under 28 U.S.C. § 1915(e)(2). *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). This provision requires the court to review the complaint and dismiss the action if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To determine whether the action must be dismissed under the second ground—a failure to state a claim—the court applies "the familiar standard of Federal Rule of Civil Procedure 12(b)(6)." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Further, the court has an obligation where the plaintiff "is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court, however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." *Id.*

If a pro se complaint fails to meet this standard, the court should not dismiss the action "without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati*, 791 F.3d at 1039 (quoting *Akhtar*, 698 F.3d at 1212).

## IV. Analysis

### A. Title VI

Ms. Wentworth and Y.A.W. seek to bring a claim under Title VI of the Civil Rights Act. This law provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. The allegations here concern a potentially hostile school environment. To bring this type of claim, a plaintiff must allege that (1) there is a racially or otherwise hostile environment; (2) the school had notice of the problem; and (3) the school failed to adequately redress the problem. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1033 (9th Cir. 1998).

A hostile environment is one that is "so severe, pervasive, and objectively offensive, and that so detracts from the victims' educational experience, that the victims are effectively denied equal access to an institution's resources and opportunities." *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 652 (1999) (discussing the standard for harassment claims under the analogous Title IX framework); *see also Monteiro*, 158 F.3d at 1033 ("Racial harassment creates a hostile environment if it is sufficiently severe that it would interfere with the educational program of a reasonable person of the same age and race as the victim."). Hence, where a high school student's complaint alleged "a pattern of egregious public racial harassment including the use of the [same] epithet" that is involved here, she sufficiently alleged a hostile racial environment under Title VI. *See Monteiro*, 158 F.3d at 1034–35.

Further, a school fails to adequately address the situation when it "is 'deliberately indifferent' to its students' right to a learning environment free of racial hostility and

discrimination." *Monteiro*, 158 F.3d at 1035 (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277 (1998)). This standard requires that an institutional "official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails to adequately respond." *Gebser*, 524 U.S. at 290.

Here, as part of Plaintiffs' request for relief, the Complaints seek "suspension of all federal as well as state funds." (Compl. 3.) The Court broadly construes this request to allege that the School receives federal funding. Therefore, the Court will assume the School is subject to Title VI and consider whether Plaintiffs may bring a claim against Defendants.

**B.     Proper Plaintiff**

For a Title VI claim, the student—not the parent—is the appropriate plaintiff because the student is the intended beneficiary of a federally-funded school program. *See, e.g.*, *Silva v. St. Anne Cath. Sch.*, 595 F. Supp. 2d 1171, 1179 (D. Kan. 2009). Ms. Wentworth thus cannot bring her own Title VI claim against the School; her son Y.A.W. is the one with the potential claim.

Further, although Y.A.W. may have a claim, there is a problem here because Y.A.W. is a minor. He needs to sue through "a general guardian" or a "guardian ad litem." Fed. R. Civ. P. 17(c). Y.A.W.'s mother, Ms. Wentworth, seeks to sue on his behalf, but she cannot do so by proceeding pro se—without an attorney. Under Civil Local Rule 83.11, "[a]ny person who is appearing propria persona, (without an attorney) (i.e. pro se)," like Y.A.W., "must appear personally for such purpose and may not delegate that duty to any other person." And the Ninth Circuit has held "that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also Garcia v. City of Fresno*, No. 1:16-cv-01340-LJO-SAB, 2017 WL 6383814, at *4 (E.D. Cal. Dec. 14, 2017) ("It is established that a non–attorney parent must be represented by counsel in bringing an action on behalf of the

child."). Meaning, Y.A.W. cannot proceed pro se through a pro se representative like his mother.

Further, as the Court noted in its prior order, there is no right to counsel in civil proceedings. *Hedges v. Resolution Tr. Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). And although courts have discretion to "request" an attorney represent an indigent civil litigant, there must be a showing of "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The Court concluded those circumstances are not present here. Hence, given that Ms. Wentworth cannot bring this lawsuit on Y.A.W.'s behalf without an attorney, the Court will dismiss the case against the School without prejudice to Y.A.W.'s representative retaining an attorney and filing an amended complaint that removes Ms. Wentworth as a separate plaintiff.

### B. Individual Defendants

Having dismissed the case against the School, the cases against the Individual Defendants are subject to dismissal for the same reason. In addition, these cases also must be dismissed because the Individual Defendants are not proper defendants for a Title VI claim. Because Title VI prohibits racial discrimination in a "program or activity receiving federal financial assistance," 42 U.S.C. § 2000d, "Title VI actions must be brought against an entity, not an individual," *e.g.*, *Naharaja v. Wray*, No. 3:13-CV-01261-HZ, 2014 WL 3891754, at *2 (D. Or. Aug. 6, 2014); *accord Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1170 (11th Cir. 2003). The Court discerns no other plausible federal claim against the Individual Defendants from the Complaints' limited allegations. The Court will therefore dismiss the six consolidated lawsuits against them without prejudice.

### V. Conclusion

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** the Complaints against the Individual Defendants in the following cases:

1. *Wentworth v. Pavlich*, No. 21-cv-01927-BAS-AGS;
2. *Wentworth v. Conley*, No. 21-cv-01928-BAS-AGS;
3. *Wentworth v. Tamayo*, No. 21-cv-01929-BAS-AGS;

    4.  *Wentworth v. Savage*, No. 21-cv-01930-BAS-AGS;

    5.  *Wentworth v. Rivas*, No. 21-cv-01931-BAS-AGS; and

    6.  *Wentworth v. Pulsipher*, No. 21-cv-01932-BAS-AGS.

The Clerk of Court shall close these six cases. Any future filings concerning these Individual Defendants shall be filed in the lead case, No. 21-cv-1926-BAS-AGS.

    In addition, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint in the lead case against California Connections Academy. (ECF No. 1.) The Court advises Ms. Wentworth that an attorney will need to represent her if she wishes to bring this case as Y.A.W.'s guardian and file a First Amended Complaint to proceed. Any amended complaint must be filed by **June 10, 2022**. And if Y.A.W. seeks to file any amended claims against the Individual Defendants, those claims must be brought in the same First Amended Complaint in the lead case. *See, e.g.*, *Kamakeeaina v. Armstrong Produce, Ltd.*, No. 19-CV-00158-DKW-RT, 2019 WL 1601993, at *2 (D. Haw. Apr. 15, 2019) (requiring pro se litigant to file a consolidated complaint that combined separate lawsuits for efficiency's sake). If no amended pleading is filed, the Clerk is directed to close this case and enter judgment dismissing the action without prejudice.

    **IT IS SO ORDERED.**

**DATED: May 5, 2022**

Hon. Cynthia Bashant
United States District Judge